United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Javier Perez, individually and on behalf of all others similarly situated, Plaintiff,<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc. and others, Defendants. | Civil Action No. 21-62117-Civ-Scola |

## Order

This matter is before the Court on the Defendants' motion to stay or transfer.[1] (ECF No. 16.) The Plaintiff responded to the motion (ECF No. 21), and the Defendants filed a reply in support (ECF No. 27). After careful consideration of the briefs, the record, and the relevant legal authorities, the Court **grants** the motion. (**ECF No. 16**.)

### 1. Background

Shortly after purchasing his new Toyota Prius Prime, Jose Javier Perez noticed a bad smell in his car. (ECF No. 20 at ¶¶ 17, 19.) After eliminating old food and dirty shoes as the cause, Perez now believes that the smell emanates from a defective HVAC system in the car. (*Id.* at ¶¶ 20–21, 24.) Therefore, on October 12, 2021, Perez filed this putative class action. (ECF No. 1.) He sued on behalf of himself and "all person or entities in the United States who purchased or leased a 2006-2020 Toyota Prius, 2017-2020 Toyota Prius Prime, 2010-2015 Toyota PHV, 2012-2016 Toyota Prius C, and 2012-2017 Prius V." (ECF No. 1 at ¶ 1.) The claims related to an alleged design defect in the vehicles' HVAC system, which caused "the accumulation of moisture and microbial growth" and the emission of "foul, noxious, and/or toxic odors" in the cars. (*Id.* at ¶ 2.) Perez originally sought to certify both a nationwide class and a Florida subclass. (*Id.* at ¶ 111.)

On January 3, 2022, Perez amended his complaint. (ECF No. 20.) Perez alleges the same design defect in the same vehicles, but he no longer seeks to certify a nationwide class—he now only brings claims on behalf of a Florida class. (*Id.* at ¶¶ 1, 103.) Moreover, Perez no longer brings claims under the federal Racketeer Influenced and Corrupt Organizations Act or Magnuson-Moss

---

[1] Defendant Toyota Motor Corporation, which was served after the other two Defendants, filed a notice to join the motion. (ECF No. 30.)

Warranty Act, which had previously been brought on behalf of the proposed nationwide class. (ECF No. 1 at 42–63; ECF No. 20.) Perez now only brings a claim under the Florida Deceptive and Unfair Trade Practices Act as well as Florida state-law claims for breach of implied and express warranties. (ECF No. 20 at 34–35.)

### 2. Analysis

The Defendants move to stay or transfer this case pursuant to the first-filed rule.[2] (ECF No. 16.) In particular, the Defendants seek to transfer the case to *Bettles v. Toyota Motor Sales, U.S.A., Inc.*, filed almost one month earlier in the Central District of California by the Plaintiff's attorneys. (*Id.* at 6 (citing *Bettles v. Toyota Motor Sales, U.S.A., Inc.*, No. 21-cv-07560 (C.D. Cal. filed Sept. 22, 2021).)

The first-filed rule is a judicially-created rule of comity that creates a "strong presumption" in favor of a first-filed suit where there are two actions "involving overlapping issues and parties[.]" *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The issues and parties need not "be identical"—they must only be "sufficiently similar[] or substantially overlap." *See Vital Pharms., Inc. v. PhD Mktg., Inc.*, No. 0:20-cv-60993, 2020 WL 6162794, at *2 (S.D. Fla. July 28, 2020) (Dimitrouleas, J.). Applying the first-filed rule, a court must consider: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *See Cardenas v. Toyota Motor Corp.*, No. 18-22798-CIV, 2019 WL 4705843, at *2 (S.D. Fla. Sept. 26, 2019) (Moreno, J.). Once the court finds that the two suits have "substantial overlap," the court must transfer the case unless the objecting party establishes "compelling circumstances" to warrant an exception to the rule. *See Steelers Keys, LLC v. High Tech Nat'l, LLC*, No. 19-23630-Civ, 2019 WL 6609214, at *2 (S.D. Fla. Dec. 4, 2019) (Scola, J.). Application of the rule avoids the waste of competing judicial resources and prevents conflicting rulings. *See id.* at *1; *see also Ruffino v. Robert's Am. Gourmet Food, LLC*, No. 13-61524-Civ, 2013 WL 12165769, at *1 (S.D. Fla. Sept. 17, 2013) (Scola, J.) ("The first-filed rule is premised on judicial economy, comity amongst the district courts, and the desire to avoid potentially conflicting rulings.").

The Defendants argue that this case and the earlier-filed *Bettles* action involve "substantial overlap" in parties and similar claims. Both this case and *Bettles* involve the same vehicles and the same alleged design defect. *See supra*

---

[2] In the alternative, the Defendants moved to transfer the case pursuant to 28 U.S.C. § 1404(a). (ECF No. 16.) Application of the first-filed rule does not depend on an analysis under § 1404(a), and here, as the Court holds that the first-filed rule is dispositive, the Court does not address the Defendants' arguments under § 1404(a). *See Steelers Key*, 2019 WL 6609214, at *3 ("[C]ourts decline to address the § 1404 factors when the first-to-file rule is dispositive.").

§ 1; (*see* ECF No. 16-1 (*Bettles* complaint) at 3 (bringing a nationwide class action on behalf of all "who purchased or leased a 2006-2020 Toyota Prius, 2017-2020 Toyota Prius Prime, 2010-2015 Toyota PHV, 2012-2016 Toyota Prius C, and 2012-2017 Prius V" for claims regarding "the accumulation of moisture and microbial growth within the HVAC system" of the vehicles).) Moreover, as the plaintiffs in *Bettles* brought a nationwide class action, the Defendants argue that the Plaintiff and the proposed Florida class are subsumed by the class in *Bettles*. (ECF No. 16 at 7.)

     The Plaintiff opposes a transfer pursuant to the first-filed rule and argues that the cases do not share the same parties or claims. (ECF No. 21.) In particular, one Defendant in the current action (Southeast Toyota Distributors, LLC) is not a party in the *Bettles* action. Moreover, the cases do not share the same causes of action, as while this action involves cases under Florida law for deceptive practices and breach of implied and express warranties, the *Bettles* action involves claims under California law for fraudulent concealment, unjust enrichment, and breach of implied and express warranties, as well as violations of the California Unfair Competition Law, California Consumers Legal Remedies Act, California Song-Beverly Consumer Warranty Act, and federal Magnuson-Moss Warranty Act. *See supra* § 1; (*see* ECF No. 16-1 at 39–57.)

     Here, the parties and issues are sufficiently similar to invoke the first-filed rule. As an initial matter, the Court holds that the parties and causes of action need not be identical for the first-filed rule to apply. Rather, courts consistently require only that the parties and issues in the two actions be "sufficiently similar[] or substantially overlap." *See Vital Pharms.*, 2020 WL 6162794, at *2 ("The first filed rule does not require that the parties and issues involved be identical[.]"); *Manuel*, 430 F.3d at 1135 (requiring only "overlapping issues and parties"); *Steelers Keys*, 2019 WL 6609214, at *2 ("All that need be present is that the two actions involve closely related questions or common subject matter . . . The cases need not be identical to be duplicative.") (quoting *Strother v. Hylas Yachts, Inc.*, No. 12-80283, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012)); *Rodriguez v. Granite Servs. Int'l, Inc.*, No. 8:20-cv-2129-T-33JSS, 2020 WL 6784116, at *2 (M.D. Fla. Nov. 18, 2020) ("The parties and issues need not be identical, but rather the parties and issues should substantially overlap.") (cleaned up).

     Turning first to the parties, the Court holds that the parties are sufficiently overlapping. In both cases, the plaintiff sued Toyota Motor Corp. and Toyota Motor Sales, U.S.A, Inc. for damages relating to the same alleged design defect in the same vehicles. (*Compare* ECF No. 20 *with* ECF No. 16-1.) While Southeast Toyota Distributors is not a defendant in *Bettles*, courts do not require identical parties to apply the first-filed rule. *See Vital Pharms.*, 2020 WL 6162794, at *2

("The first filed rule does not require that the parties and issues involved be identical[.]"); *see also Peterson v. Aaron's, Inc.*, No. 1:14-CV-1919-TWT, 2015 WL 224750, at *2 (N.D. Ga. Jan. 15, 2015) ("To be clear, for the rule to apply, the parties in both actions need not be identical."). Moreover, as the plaintiff in *Bettles* brought a nationwide putative class, the Plaintiff here and his proposed Florida class are members of the *Bettles* class. (ECF No. 16-1 at ¶ 103); *see Chapman v. Progressive Am. Ins. Co.*, No. 3:17-cv-102, 2017 WL 3124186, at *2 (N.D. Fla. July 24, 2017) (staying the case pursuant to the first-filed rule as "there would be overlap between the classes"); *see also Rodriguez*, 2020 WL 6784116, at *3 (transferring the case as the plaintiff fell "squarely within the putative class" of the first-filed action); *Peterson*, 2015 WL 224750, at *2 (noting that "courts routinely look to the similarities of the proposed classes" when comparing plaintiffs).

Turning next to the issues, the Court again finds substantial overlap. The claims here arise from the same alleged HVAC defect in the same make and model vehicles as in *Bettles*. (*See* ECF No. 1 at ¶¶ 1–2; ECF No. 16-1 at 3.) The Plaintiff argues that the first-filed rule cannot apply, as here the Plaintiff brings claims under Florida law and in *Bettles* the claims are brought under federal and California law. (ECF No. 21 at 12.) However, as discussed above, the first-filed rule looks to whether the issues substantially overlap, not whether the causes of action are identical. *See Steelers Keys*, 2019 WL 6609214, at *2 ("All that need be present is that the two actions involve closely related questions or common subject matter."). While each case proceeds under different causes of action, the subject matter and the relief sought are identical. (ECF No. 20 at 37–38; ECF No. 16-1 at 57–58.) This is sufficient under the first-filed rule.

The main case that the Plaintiff relies on, *Cardenas*, is not applicable. In *Cardenas*, Judge Moreno denied a motion to stay or transfer a case involving a similar HVAC design defect in Toyota cars. *See Cardenas*, 2019 WL 4705843, at *5. However, *Cardenas* is easily distinguishable from the present case. In *Cardenas*, the alleged first-filed suit involved different models of cars than those at issue in *Cardenas*, and there was no proposed nationwide class. *See id.* at *2–3. In short, there was no overlap in classes or issues between *Cardenas* and the alleged first-filed suit. *See id.* Here, unlike in *Cardenas*, the Plaintiff falls within the *Bettles* putative class and seeks the same relief for the same design defect in the same vehicles against largely the same Defendants as in *Bettles*.

As *Bettles* is the undisputed first-filed action, and as this case and *Bettles* involve substantially overlapping parties and issues, the Court must apply the first-filed rule unless the Plaintiff establishes compelling circumstances to warrant an exception. The Plaintiff has not done so. Therefore, the Court **grants** the Defendants' motion. (**ECF No. 16**.) The Court will transfer this matter to the

Central District of California for determination of how this case should proceed. *See Savage v. Seterus, Inc.*, No. 2:19-cv-14256, 2020 WL 230982, at *3 (S.D. Fla. Jan. 15, 2020) (Rosenberg, J.) ("When the first-filed rule applies, the proper course is to transfer the second-filed case to the first-filed court to determine how the cases should proceed."). The Clerk is **directed** to **transfer** this action to the United States District Court for the Central District of California. The Clerk is **directed** to **close** this case. All pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on February 4, 2022.

Robert N. Scola, Jr.
United States District Judge